NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL HILL, | No. 20-16305 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01350-MMD-BNW |
| v. | |
| WELLS FARGO BANK, N.A.; U.S. BANK, N.A., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| MTC FINANCIAL, INC., DBA Trustee Corps, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted October 20, 2021**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,*** International Trade Judge.

Michael Hill's home was sold at a foreclosure sale after he failed to make any payments on a home loan for four-and-a-half years. Hill then sued U.S. Bank, which held the deed of trust, and Wells Fargo Bank, the loan servicer, in state court, alleging that the banks had promised they would not foreclose and failed to appoint a "single point of contact" with whom he could discuss foreclosure alternatives, as required by Nevada Revised Statutes 107.540. After removal, the district court dismissed Hill's contract-related claims under Rule 12(b)(6) and granted summary judgment to the defendants on the statutory claim. Reviewing *de novo*, *see Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 665 (9th Cir. 2017), we affirm.

1. The district court correctly dismissed Hill's breach of contract claim. The deed of trust permitted foreclosure, and Hill did not plausibly allege that the parties modified that agreement in writing. *See* N.R.S. 111.205, 111.210, 111.220. Moreover, any alleged agreement with Wells Fargo not to foreclose would lack consideration. *See May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). The only consideration Hill alleged was that he would make loan payments if foreclosure did not occur, but "[c]onsideration is not adequate when it is a mere promise to perform that which the promisor is already bound to do." *County of Clark v. Bonanza No. 1*,

*** The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

2

615 P.2d 939, 944 (Nev. 1980).

2.    The district court correctly dismissed Hill's claim for breach of the implied covenant of good faith and fair dealing.  The deed of trust provided for foreclosure in the event of default and a failure to cure, and Wells Fargo had no obligation to renegotiate its terms, so the foreclosure did not deprive Hill of "justified expectations" under the agreement.  *See Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991).  The other conduct alleged in support of the breach of covenant claim—seeking information on Hill's drywall problems or providing him multiple contacts—is similarly unconnected to any rights or expectations under the parties' agreement, *see id.*, and in any event is far from the "arbitrary or unfair" conduct necessary to sustain the claim, *see Gale v. First Franklin Loan Servs.*, 701 F.3d 1240, 1247 (9th Cir. 2012) (quoting *Nelson v. Heer*, 163 P.3d 420, 426–27 (Nev. 2007)).

3.    The district court correctly rejected Hill's promissory estoppel claim. The operative complaint alleged that the parties were still discussing "options" at the time of foreclosure, and failed negotiations are not a basis for promissory estoppel. *See, e.g.*, *Lalli v. Bank of Am., N.A.*, No. 2:12-cv-1221-JCM-PAL, 2014 WL 334810, at *3 (D. Nev. Jan. 29, 2014).  Moreover, the operative complaint does not identify any reliance on the purported promise.  *See Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984).  Although Hill now claims that "because of Wells Fargo's statements, [he]

3

did not attempt to stop the foreclosure," that statement is not in his complaint, and even if it were, it is too conclusory to plausibly allege detrimental reliance without some suggestion that Hill could have successfully prevented the foreclosure.

4.      The district court correctly granted the defendants summary judgment on Hill's N.R.S. 107.540 claim.  There was no material dispute that Hill had an appointed single point of contact at all relevant times.  *See* N.R.S. 107.540(1).  Brian Kent was assigned as Hill's contact in August 2015 and provided Hill with his contact information.  Nina Marsh took over from Kent in November 2016 and provided Hill with her contact information.  Despite Hill's conclusory assertions to the contrary, he proffered no evidence that either failed to comply with their statutory duties.  *See* N.R.S. 107.540(2).

**AFFIRMED.**